WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

IN RE: Bard IVC Filters Products Liability Litigation,

No. MDL 15-02641-PHX-DGC

**CASE MANAGEMENT ORDER NO. 42**

(Tinlin Trial, SNF Cases, Duplicative Cases, Settlement Procedures and Remand or Transfer)

The Court held a case management conference with the parties on March 18, 2019. Doc. 16093. The conference concerned issues raised in the parties' joint status report (Doc. 15948) and other matters. On the basis of the conference, the Court enters the following orders:

1. <u>Tinlin Trial (including change of pretrial conference date)</u>.

    a. Plaintiffs' counsel provided information suggesting that Mrs. Tinlin will not be able to travel to Phoenix for trial and asked that she be permitted to testify and observe portions of the trial remotely. Doc. 15693. Defendants do not oppose the request, but ask that various procedures be put in place to ensure that no prejudice results from her remote testimony and observation. Doc. 15954. Plaintiffs are directed to work with the Court's technology staff and the federal district court in Green Bay, Wisconsin, to arrange for Mrs. Tinlin's video testimony during trial. Assuming adequate technical arrangements can be made, the Court further concludes that (1) Mrs. Tinlin will be alone in a room with a videographer and courtroom deputy clerk at the time of her testimony,

although counsel for both sides may be in the courthouse to deal with any issues that arise; (2) the parties shall confer about exhibits to be used during her testimony, and a complete set of marked exhibits will be provided for the clerk to place in front of Mrs. Tinlin during her testimony; (3) Plaintiffs shall pay any costs associated with the remote testimony; (4) the parties shall confer and propose a jury instruction that can be read during trial to explain Mrs. Tinlin's absence from trial and the reasons for her remote testimony; and (5) Mrs. Tinlin may observe other portions of the trial from the remote location, but will not appear via video while observing the proceedings. With these safeguards in place, the Court finds that Mrs. Tinlin's remote testimony satisfies the high standard in Federal Rule of Civil Procedure 43(a) for remote testimony during trial. Plaintiffs' motion (Doc. 15693) is **granted**.

        b.     Due to scheduling issues, the date for the final pretrial conference will be changed from April 30 to April 29, 2019. The conference will begin at **10:00 a.m. on April 29, 2019**.

        c.     Plaintiffs have filed a motion to seal their unredacted summary judgment materials. Doc. 15695; *see* Docs. 15071, 15072 (sealed lodged proposed documents). The motion fails to address the applicable compelling reasons standard. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court denied a similar motion filed by Defendants. *See* Docs. 15072, 15175. Plaintiffs' motion to seal (Doc. 15695) is **denied without prejudice**. The parties shall have until March 29, 2019, to file new motions to seal that address the relevant legal standard.

    2.     <u>Simon Nitinol Filter ("SNF") Cases</u>.

Case Management Order No. 41 directed Plaintiffs' lead counsel to contact and confer with attorneys representing SNF clients in this MDL proceeding, to inform these attorneys that the Court is requiring them to organize into a Plaintiffs' steering committee for SNF cases and to assist in the management and efficient litigation of those cases, to inform them that they must confer with defense counsel regarding an appropriate schedule and procedures for preparing the cases for trial, including the five topics

identified in the parties' previous joint status report (Doc. 14870 at 3), and to be prepared at the case management conference on March 18, 2019, to put in place the leadership structure for the SNF cases. Doc. 15176 at 2. Once lead plaintiffs' counsel were identified for the SNF cases, the Court would require them to reach agreement on the establishment of a common fund for the SNF cases, which the Court presumes would be similar to the common fund established for the rest of this MDL. *Id.*; *see* Doc. 372 (CMO No. 6). The Court's intent was to complete discovery and motion practice on the SNF cases in the most efficient manner possible and, if necessary, hold one or two bellwether trials on the SNF cases. *Id.* at 2-3.

Plaintiffs' lead counsel report that they have contacted all known attorneys who represent Plaintiffs in SNF cases transferred to or filed in this MDL, asking them to take leadership roles in the SNF cases. Doc. 15948 at 2. That communication was followed by further communications with some who expressed interest in taking on a leadership or committee position. No lawyer has stepped forward to lead the SNF cases. One attorney expressed a willingness to serve on a steering committee, but is not willing to serve as lead counsel. *See id.* Plaintiffs' lead counsel encouraged her to attend the hearing set for March 18, 2019, but she did not. Plaintiffs' lead counsel have also identified a few additional attorneys who are willing to serve on a steering committee, but are similarly reluctant to take on a lead counsel role.

Without Plaintiffs' lawyers who are willing to assume leadership of the SNF cases, those cases cannot be resolved expeditiously, the Court cannot manage the SNF-case docket in this MDL, and Defendants will be prejudiced. The Court will afford the SNF-case attorneys one more opportunity to organize a steering committee, designate lead counsel, confer with defense counsel, and undertake litigation of the SNF cases. *See* Doc. 15176 at 2-3. If those attorneys do not step forward and assume responsibility for litigating their cases, the Court will dismiss the SNF cases for lack of prosecution and failure to comply with the Court's orders. *See* Doc. 15948 at 3; Fed. R. Civ. P. 41(b); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) ("In determining whether to dismiss

an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.") (quotation marks and citation omitted).

Attorneys in SNF cases shall have until **May 1, 2019**, to (a) organize into a Plaintiffs' steering committee for SNF cases; (b) designate lead counsel for such cases; (c) confer with defense counsel regarding an appropriate schedule and procedures for preparing the cases for trial, including the five topics identified in the parties' joint status report (Doc. 14870 at 3); and (d) file a memorandum identifying the attorneys recommended for the steering committee and lead counsel, explain why they are qualified and able to litigate the SNF cases, and setting forth the proposed schedule for this litigation. The Court will then schedule a hearing to appoint a steering committee and lead counsel and set a schedule for completing discovery and motion practice in the SNF cases.

**Attorneys with SNF cases are warned that the Court will dismiss those cases for lack of prosecution if they do not comply fully with this order. *See* Fed. R. Civ. P. 41(b). Existing lead counsel are directed, within seven days of this order, to share this order and the Court's directive with all attorneys who have SNF cases in this MDL.**

3. Duplicative Cases.

Defendants have filed a motion to dismiss duplicative complaints filed in this MDL. Doc. 15738. The motion includes a list of seven plaintiffs who have filed more than one complaint. *Id.* at 2.[1] Before filing the motion, Defendants sent multiple letters

---

[1] One of the plaintiffs, Pamela Smith, filed a motion to dismiss her second-filed action (Case No. CV17-3089), which has been granted. Docs. 15860, 15966. Another plaintiff not on the list, Leslie Sheffield, filed a stipulation to dismiss a duplicative complaint, which has been granted. Docs. 15955, 15996 (Case No. CV17-4288).

notifying Plaintiffs' Steering Committee and counsel for each individual plaintiff of the duplicative actions. *See* Doc. 15738-1. The letters explained that the duplicate complaints raise the same claims for the same individual as asserted in the initial complaints, and requested that one of the cases be dismissed. *See* Doc. 15738 at 3. Plaintiffs' lead counsel in this MDL do not oppose dismissal of the duplicate complaints, and counsel for the individual plaintiffs have not responded to Defendants' letters and the motion to dismiss (with the exceptions noted above).

The filing of duplicative complaints in this MDL is not appropriate. *See* Doc. 15738-2 at 3; *see also M.M. v. Lafayette Sch. Dist.* 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."). Defendants' motion (Doc. 15738) is **granted** and the following duplicate complaints are dismissed:

- *Giambra, William*, CV-17-03891 (Oct. 24, 2017);
- *Holland, Betty*, CV-17-03440 (Oct. 04, 2017);
- *Mathis, Reginald*, CV-17-04302 (Nov. 27, 2017);
- *McBride, Bernardette*, CV-17-00876 (Mar. 24, 2017);
- *Pedersen, Charlene*, CV-17-04308 (Nov. 27, 2017); and
- *Pirl, Tracy*, CV-17-03025 (Sept. 6, 2017).[2]

4. Settlement Procedures and Remand or Transfer.

The parties have suggested that the Court establish a schedule and procedure for possible settlement of MDL cases after conclusion of the Tinlin trial. The Court will accept the proposal, but advises the parties that it does not intend to delay remand or transfer of MDL cases after a reasonable opportunity to settle.

---

[2] The initial complaints remain part of this MDL. *See Giambra*, CV-17-00191 (Jan. 20, 2017); *Holland*, CV-16-03147 (Sept. 16, 2016); *Mathis*, CV-17-03469 (Oct. 4, 2017); *McBride*, CV-16-01090 (Apr. 18, 2016); *Pedersen*, CV-17-00941 (Mar. 29, 2017); *Pirl*, CV-17-00899 (Mar. 27, 2017).

a. By **July 1, 2019**, Plaintiffs' lead counsel and defense counsel shall file with the Court a joint memorandum identifying all cases in this MDL that fall within the two tracks:

**Track 1: Tentatively Resolved Cases.** These include cases or groups of cases that have been resolved in principle pursuant to an executed release or term sheet.

**Track 2: Cases Near Settlement.** These include cases or groups of cases that are the subject of substantive settlement negotiations and as to which both sides agree that discussions have progressed to the point where execution of a release or term sheet is likely in the near future.

b. By **July 15, 2019**, for all cases in this MDL that are not in Track 1 or Track 2, the Court will recommend that cases transferred to the MDL be remanded by the Judicial Panel on Multidistrict Litigation ("JPML") to the transferor districts (*see* JPML Rule 10.1(b)) and, if cases were directly filed in this MDL and did not originate in Arizona (*see* Doc. 363 at 3), will transfer these cases to the proper district under 28 U.S.C. § 1404(a).

c. On **August 1, 2019, and every first of the month thereafter until this MDL is concluded**, the parties shall file a joint report on the settlement status of cases in Track 1 and Track 2. Any case in either track may be removed from the track and from this MDL upon counsel for either side concluding that further settlement efforts in the case are not warranted. *See* Doc. 15629 at 3. The monthly report shall identify all cases that have been so designated or otherwise are not included in Track 1 or Track 2, and the Court will, by the 15th of the month, recommend remand by the JPML to the transferor district or make a § 1404(a) transfer of the case to the proper district. The monthly report shall state, with respect to each such case, (1) whether it was transferred by the JPML or directly filed in this MDL, and (2) the district from which it was transferred by the JPML or the district to which it should be transferred if it was directly filed in the MDL.

d. All cases in Track 1 for which a stipulated dismissal has not been filed by **November 1, 2019**, will be recommended to the JPML for remand or will be transferred

- 6 -

under § 1404(a). Upon a showing of very good cause, cases in Track 1 may be put on a list for remand or transfer in an additional 30 days if a stipulated dismissal has not been filed. Track 1 cases will not be continued in this MDL beyond the additional 30 days.

  e. All cases in Track 2 for which a release or term sheet has been executed by **November 1, 2019**, will be continued in Track 2 for an additional six months, to May 1, 2020, to allow time to complete settlement paperwork and file a stipulated dismissal.

  f. All cases in Track 2 for which a release or term sheet has not been executed by **November 1, 2019**, will be recommended to the JPML for remand or will be transferred under § 1404(a).

  g. All cases in Track 2 with a release or term sheet executed by November 1, 2019, but for which no stipulated dismissal has been filed by May 1, 2020, will be recommended to the JPML for remand or will be transferred under § 1404(a).

  h. By July 1, 2019, the parties shall (1) update and lodge with the Court the joint proposed report to be sent to the JPML with cases recommended for remand and to districts receiving transfers under § 1404(a) (*see* Doc. 12534); (2) update and file the stipulated designation of record to be sent with remanded and transferred cases (*see* Doc. 13158); and (3) provide the Clerk of Court with a ZIP file containing the documents identified in the updated designation of record (*see* Doc. 14973; JPML Rule 10.4).

  i. The parties may take videotaped trial testimony of key witnesses between June 1 and September 1, 2019, to be provided to counsel who will try cases after remand or transfer.

  j. The Court intends to set a closing date for new cases to be transferred to or directly filed in this MDL. The Court will confer with the JPML and enter an order identifying such a date.

Dated this 21st day of March, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge